IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELE SOTHEN, | ) | CASE NO. 1:13 CV 2426 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

**A.     Nature of the case and proceedings**

Before me[1] is an action by Michele Sothen under 42 U.S.C. § 405(g) for judicial

review of the final decision of the Commissioner of Social Security denying her application

for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript

of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 18. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 14.

[4] ECF # 15.

[5] ECF # 7.

[6] ECF # 17.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

**B.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Sothen, who was 52 years old at the time of the ALJ's decision,[11] has completed the eleventh grade and received additional vocational training.[12] Her past relevant work was as a materials racker and a hand packager.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Sothen had the following severe impairments: chronic pulmonary disease, chronic back pain, hand tremors, alcohol abuse, and depression.[14]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Sothen's residual functional capacity ("RFC"):

---

[7] ECF # 23 (Sothen's brief); ECF # 25 (Commissioner's brief).

[8] ECF # 23-1 (Sothen's charts); ECF # 25-1 (Commissioner's charts).

[9] ECF # 24 (Sothen's fact sheet).

[10] ECF # 28.

[11] Transcript ("Tr.") at 164.

[12] *Id.* at 218.

[13] *Id.* at 103. The ALJ in her opinion found Sothen's past job was as a "wrecker," but the section of the Dictionary of Occupational Titles ("DOT") referenced by the ALJ in this regard (929.687-030) applies to a materials handler or "racker."

[14] *Id.* at 97.

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b), except that the claimant's ability to perform a full range of light exertional work is reduced by additional limitations. Specifically, the claimant can perform frequent handling and fingering bilaterally. She can complete simple repetitive tasks without quotas or frequent changes. Finally, the claimant can tolerate superficial interaction with others.[15]

The ALJ decided that this RFC precluded Sothen from performing her past relevant work.[16]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Sothen could perform.[17] The ALJ, therefore, found Sothen not under a disability.[18]

## C.    Issues on judicial review and decision

Sothen asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Sothen presents the following issues for judicial review:

- In the RFC finding, the ALJ limited Sothen to superficial interaction with others. Dr. Todd Finnerty, the state agency reviewing psychologist, opined that Sothen should be limited to minimal, superficial interaction with others. The ALJ gave Dr. Finnerty's opinion great weight. Does substantial evidence support the exclusion of the limitation of minimal interaction with others from the RFC finding?

---

[15] *Id.* at 99.

[16] *Id.* at 103.

[17] *Id.* at 104-05.

[18] *Id.* at 105.

•   In the RFC finding the ALJ determined that Sothen's severe impairment of hand tremors limited her to frequent handling and fingering bilaterally. Does substantial evidence support the exclusion of greater limitations on handling and fingering bilaterally from the RFC finding?

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

### A.     Standard of review – substantial evidence

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## B.      Application of standard

The first issue here deals with whether the ALJ's hypothetical, which contained a misstatement of the functional opinion of Dr. Todd Finnerty, the state agency reviewing psychologist, was harmless error or was so substantial as to require a remand.

As regards Sothen's ability to interact with others, Dr. Finnerty provided a two-pronged opinion: that "interactions with others be (1) minimal and (2) no more than superficial."[22] Sothen argues that these two terms have distinct and different meanings, with the first limitation of "minimal" going to the frequency of any interactions, while the second element of superficiality concerning the quality or nature of the interaction.[23] Sothen contends that the ALJ misread this dual restriction providing for two distinct limitations as a single restriction when she incorporated Dr. Finnerty's statement into the hypothetical as

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] Tr. at 1275.

[23] ECF # 23 at 12.

a restriction to "minimal to superficial interactions with others."[24] In the end, a single restriction to "superficial interaction with others" was included in the RFC[25] that then was used by the VE to determine that jobs existed in sufficient number for someone with that RFC.[26]

At the hearing, counsel for Sothen did not object to the question posed to the VE or pose an alternative hypothetical specifically incorporating a limitation grounded on minimal interaction, as well as superficial interaction. Further, the ALJ appears not to have discerned any difference between the hypothetical and Dr. Finnerty's opinion, inasmuch as there is no discussion as to why the restriction of minimal interaction was not included in the RFC.

That said, however, the Commissioner contends that the error here was harmless because the jobs identified by the VE as capable of being done by a person having the RFC determined here would not require anything more than superficial interaction with others, thus obviating a need for a remand. To that end, the Commissioner urges me to analyze the DOT myself to establish that the prosed addition to the RFC would not effect the jobs identified.

The Commissioner cites several cases in support of the proposition that the reviewing court may properly consult the DOT itself to determine if the exclusion of a specific

---

[24] Tr. at 102.

[25] *Id.* at 99.

[26] *Id.* at 104-05.

limitation from the RFC is harmless error in the context of the actual jobs identified by the VE.

In *Bulthouse v. Commissioner of Social Security*,[27] the district court reviewed for itself whether removing an RFC finding that the claimant could occasionally climb ladders, ropes, and scaffolds would result in there being no jobs in the areas identified by the VE. However, unlike in this case, that conclusion was also established on the record by the VE himself, who testified that such jobs would be available even if the restriction in question were removed.[28]

More closely applicable to the facts here is *Crawford v. Astrue*.[29] In *Crawford*, the ALJ relied on a medical source functional opinion which stated, among other things, that the claimant could "occasionally be exposed to dust and cold, and never be exposed to unprotected heights, extreme heat or vibration."[30] But, despite giving great weight to this opinion, the ALJ fashioned an RFC which, while "generally consistent" with the medical source's functional limitations opinion, omitted any limitations as to these factors.[31] The district court, after undertaking its own review of the DOT, determined that because at least

---

[27] *Bulthouse v. Comm'r of Social Security,* No. 1:10-CV-839, 2012 WL 830730 (W.D. Mich. Feb 21, 2012).

[28] *Id.*, at *8.

[29] *Crawford v. Astrue,* No. CIV.A. 10-293-GWU, 2011 WL 3849626 (E.D. Ky. Aug. 30, 2011).

[30] *Id.* at *4.

[31] *Id.* at *5.

one of the jobs identified by the VE "would not require exposure to any of these conditions," the error was harmless.[32]

While I am conscious of the need to avoid *post-hoc* rationalizations in circumstances where the ALJ in the opinion, not the Commissioner in the brief, must supply an articulated reason for taking a certain position, I am also mindful that when a reviewing court is not addressing a matter requiring an articulation of reasons by the ALJ, it must look at the record as whole and may look at any evidence in the record, even that not cited by the ALJ.[33] This is certainly true, as here, where the jobs at issue have already been identified on the record by the VE, and any review of those jobs, as set forth in the DOT, is confined to the issue of whether there is reason to believe a remand might lead to a different result or whether a remand would be unnecessary because the error involved was harmless.

Thus, upon review of the three jobs identified by the VE here – assembler of small products (DOT 739.687-030), assembler of electronic accessories (DOT 729.687-010), and inspector and hand packager (DOT 559.687-074) – I find that none of the job descriptions here refer to any interaction with others. Thus, as in *Crawford*, I conclude that any failure to include a limitation specifying minimal interaction with others was harmless error because

---

[32] *Id.*

[33] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (citation omitted).

including such a limitation on remand would not alter the jobs available to the claimant under the existing testimony of the VE.[34]

The second issue rests on a different footing in the record. Counsel for Sothen asks an alternative hypothetical to the VE that incorporated a limitation to no more than occasional reaching and handling. The VE responded that although jobs existed taking into consideration that limitation, all these jobs required significant contact with the public and would, therefore, be precluded by the superficial interaction limitation.[35] The Commissioner argues that the ALJ properly rejected the more restrictive occasional limitation because of medical evidence in the record, particularly the treatment notes of Dr. Mahajan.[36] Sothen argues that although there are some treatment notes from Dr. Mahajan referencing mild tremors and possible improvement by abstention from nicotine and caffeine, nevertheless the transcript as a whole supports the greater limitation. Sothen puts particular emphasis upon her testimony of the severity of her tremors and the fact that the ALJ noted the tremors on the transcript of the hearing.[37]

That said, the fact that there is some evidence supporting a more restrictive limitation is not enough to find that there is not substantial evidence to support the finding of the ALJ.

---

[34] I also note in this regard that despite being given leave to do so, Sothen has not submitted any supplemental authority contrary to that submitted by the Commissioner.

[35] Tr. at 85.

[36] ECF # 25 at 15-16.

[37] Tr. at 65.

As noted above, the treatment notes of Dr. Mahajan documenting only mild tremors and further showing a lessening of symptoms with modifications to behavior constitute substantial evidence in support of the Commissioner's position.

## Conclusion

Accordingly, for the reasons stated, substantial evidence supports the finding of the Commissioner that Sothen had no disability. The denial of Sothen's application is affirmed.

IT IS SO ORDERED.


Dated: November 10, 2014                     s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

-10-